B1 (Official Form 1) (04/13)

| United States Bankruptcy Court<br>Central District of Illinois | **VOLUNTARY PETITION** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Country Stone Holdings, Inc.** | Name of Joint Debtor (Spouse)(Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>**xx-xxx7470** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one state all): |
| Street Address of Debtor (No. and Street, City and State):<br>**8002 31st St. West**<br>**Rock Island, IL 61201** | Street Address of Joint Debtor (No. and Street, City and State): |
| County of Residence or of the Principal Place of Business:<br>**Rock Island County** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor (if different from street address above): | |

**Type of Debtor**
Form of Organization
(Check **one** box.)

- ☐ Individual (includes Joint Debtors) *See Exhibit D of this form.*
- ☒ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, *check this box and state type of entity below*)

**Chapter 15 Debtors**

Country of debtor's main interest:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Nature of Business**
(Check **one** box.)

- ☐ Health Case Business
- ☐ Single Asset Real Estate as defined 11 USC § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☒ Other

**Tax-Exempt Entity**
(Check box, if applicable)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box.)

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check **one** box.)

- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. §101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☒ Debts are primarily business debts.

**Filing Fee** (Check one box.)

- ☒ Full Filing Fee Attached.
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

**Check one box:**
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. §101(51D).
- ☒ Debtor is not a small business debtor as defined in 11 U.S.C. §101(51D).

**Check if:**
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliate) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every three years thereafter).

**Check all applicable boxes:**
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. §1126(B).

**Statistical/Administrative Information**

- ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE FOR COURT USE ONLY

Estimated Number of Creditors

| ☐ 1-49 | ☐ 50-99 | ☒ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☒ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ 500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☒ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ 500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

| **VOLUNTARY PETITION** *(This page must be completed and filed in every case.)* | Name of Debtor(s): **Country Stone Holdings, Inc.** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) |||
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) |||
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commissionpursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice require by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | Signature of Attorney for Debtor(s)  --  (Date) |

**Exhibit C**

Does the debtor own or have posession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made part of this petition.

☒ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this district, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be serviced in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgement against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgement)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgement for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C § 362(1)).

| **VOLUNTARY PETITION** *(This page must be completed and filed in every case.)* | Name of Debtor(s): **Country Stone Holdings, Inc.** |
|---|---|

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Respresentative** |
|---|---|
| I declare under penalty of perjury that the information provided in the petition is true and correct. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. (Check only one box.) ☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C § 1511 are attached. ☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. *(Signature of Foreign Representative)* *(Printed Name of Foreign Representative)* *Date* |

| **Signature of Attorney*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
|---|---|
| **/s/ John P. Sieger** *Signature of Attorney for Debtor(s)* **John P. Sieger** *Printed Name of Attorney for Debtor(s)* **Katten Muchin Rosenman LLP** *Firm Name* **525 West Monroe St.** **Chicago, IL 60661** **Email Address: john.sieger@kattenlaw.com** *Address* **312-902-5200** *Telephone Number* **10/23/2014** *Date* * In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b), and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notices of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section Official Form 19 is attached. *Printed Name and title, if any, of Bankruptcy Petition Preparer* Social-Security number (If the bankruptcy petition preparer is not an individual,state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C.§ 110.) *Address* *Signature of Preparer* *Date* Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above. Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petiton preparer is not an individual. If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person, individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C.§ 110.) *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 100; 18 U.S.C. § 156.* |

| **Signature of Debtor (Corporation/Partnership)** | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition. **/s/ Steven A. Nerger** *Signature of Authorized Individual* **Steven A. Nerger** *Printed Name of Authorized Individual* **Chief Restructuring Officer** *Title of Authorized Individual* **10/23/2014** *Date* | |

COUNTRY STONE HOLDINGS, INC.
COUNTRY STONE, INC.
COUNTRY STONE AND SOIL, INC.
COUNTRY STONE AND SOIL OF MINNESOTA, INC.
COUNTRY STONE AND SOIL OF WISCONSIN, INC.
FORT WAYNE LANDSCAPE SUPPLY, INC.
INFINITY FERTILIZERS, INC.
QUAD CITY EXPRESS, INC.
R&D CONCRETE PRODUCTS OF INDIANA, INC.
R&D CONCRETE PRODUCTS OF WISCONSIN, INC.
R&D CONCRETE PRODUCTS, INC.
ROCK ISLAND CONTRACTORS, INC.
WILHELM SAND & GRAVEL, INC.
MILBURN PEAT COMPANY, INC.
INFINITY LAWN AND GARDEN, INC.
INFINITY SEED, INC.

WRITTEN CONSENT TO ACTION BY SOLE DIRECTOR

The undersigned, being the sole director of COUNTRY STONE HOLDINGS, INC., an Iowa corporation, COUNTRY STONE, INC., an Iowa corporation, COUNTRY STONE AND SOIL, INC., an Iowa corporation, COUNTRY STONE AND SOIL OF MINNESOTA, INC., an Iowa corporation, COUNTRY STONE AND SOIL OF WISCONSIN, INC., an Iowa corporation, FORT WAYNE LANDSCAPE SUPPLY, INC., an Iowa corporation, INFINITY FERTILIZERS, INC., an Iowa corporation, QUAD CITY EXPRESS, INC., an Iowa corporation, R&D CONCRETE PRODUCTS OF INDIANA, INC., an Indiana corporation, R & D CONCRETE OF WISCONSIN, INC., an Iowa corporation, R & D CONCRETE PRODUCTS, INC., an Iowa corporation, ROCK ISLAND CONTRACTORS, INC., an Illinois corporation, WILHELM SAND & GRAVEL, INC., an Indiana corporation, MILLBURN PEAT COMPANY, INC., an Indiana corporation, INFINITY LAWN AND GARDEN, INC., an Iowa corporation, and INFINITY SEED, INC., an Iowa corporation (each a "Corporation" and collectively, the "Corporations"), hereby takes the following actions by written consent in lieu of holding meetings of the directors of each Corporation:

BE IT RESOLVED that in the judgment of the board of directors of each Corporation (the "Board") it is desirable and in the best interests of the Corporations, their respective creditors, stockholders, and other interested parties, that the Corporations engage Steven A. Nerger, pursuant to the terms of the engagement letter attached hereto as Exhibit A, to serve as the Chief Restructuring Officer ("CRO") for itself; and

1

BE IT FURTHER RESOLVED, that the appropriate officers of the Corporations are hereby authorized and directed to hire Steven A. Nerger as the CRO of the Corporations as soon as practicable after the execution of this written consent; and

BE IT FURTHER RESOLVED, that the CRO shall be solely and exclusively vested with the powers of the Corporations' Chief Executive Officer, including, without limitation, the power to take any and all actions which, in the exercise of the CRO's sole discretion, he deems necessary or appropriate to manage, sell or lease any or all assets of any one or more of the Corporations at any time; to effectuate an orderly liquidation of any one or more of the Corporations' businesses and assets; and to hire and fire employees, professionals and independent contractors of and for the Corporations; and

BE IT FURTHER RESOLVED, that without limiting the foregoing, the CRO is hereby authorized, in the name of each Corporation, to (i) execute, verify and cause to be filed one or more voluntary petitions (each a "Petition" and collectively ("Petitions")) for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. Sections 101-1532 (the "Bankruptcy Code"), including, without limitation, creditor lists, schedules of assets and liabilities, statements of financial affairs and other ancillary documents required by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure to be filed with any Petition; to (ii) execute, verify and cause to be filed requests for approval from the Bankruptcy Court to retain bankruptcy counsel and other bankruptcy professionals; (iii) to enter into such financing and related agreements (including with lenders for debtor-in-possession financing) which in the CRO's business judgment, shall be necessary or desirable to accomplish either a reorganization of one or more of the Corporations, or an orderly liquidation of the Corporations' business and assets; and (iv) to authorize any one or more of the Corporations to consent to an order for relief under Chapter 11 of the Bankruptcy Code in response to any involuntary petition that may be filed against any one or more of the Corporations under Chapter 7 or Chapter 11 of the Bankruptcy Code; and

BE IT FURTHER RESOLVED, that any person presently exercising the powers of the Chief Executive Officer of the Corporations prior to the execution of this written consent shall, except to the extent necessary to sign the CRO's engagement letter, immediately cease to do so upon the sole director's execution of this written consent; and

BE IT FURTHER RESOLVED, that the actions hereby taken to engage Steven A. Nerger as CRO of each Corporation, and the authority and powers granted to the CRO pursuant hereto, are being taken to induce the senior secured lender to the Corporations to forbear from exercising its rights at the present time under that certain First Amended and Restated Loan and Security Agreement and related documents to which the Corporations are a party, and such actions are coupled with an interest and are irrevocable so long as Steven A. Nerger serves as the Corporations' CRO, and shall be effective until such time as Steven A. Nerger ceases to serve as CRO of the Corporations, or, if earlier, until such time as all of

2

the obligations of the Corporations to said senior secured lender have been indefeasibly paid and satisfied in full; and

BE IT FURTHER RESOLVED that the by-laws of each Corporation are hereby modified and amended to the extent necessary to conform with the above resolutions, without further action of the Board.

IN WITNESS WHEREOF, the undersigned has executed and delivered this Written Consent to Action this____day of July, 2014.

_____
Ronald D. Bjustrom

Being the sole director of the Corporations

3

In re

Country Stone Holdings, Inc.,
Debtor.

Chapter: 11

Case No.

# DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned authorized officer of Country Stone Holdings, Inc., named in this case as (the "Debtor"), declare under penalty that I have read the foregoing and it is true and correct to the best of my knowledge, information, and belief.

**10/23/2014**
Date

**/s/ Steven A. Nerger**
Signature

**Steven A. Nerger**
Name

**Chief Restructuring Officer**
Title

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C.§§ 152 and 3571

B 4 (Official Form 4) (4/13)

# UNITED STATES BANKRUPTCY COURT

## Central District of Illinois

In re   Country Stone Holdings, Inc.   ,
                  Debtor

Case No. _____
Chapter   11

## CONSOLIDATED
## LIST OF CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 30 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims. If a minor child is one of the creditors holding the 30 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5) Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| SPRING VALLEY<br>1891 SPRING VALLEY RD<br>JACKSON, WI 53037<br>RALPHL@SPRINGVALLEYUSA.COM | SPRING VALLEY<br>1891 SPRING VALLEY RD<br>JACKSON, WI 53037<br>RALPHL@SPRINGVALLEYUSA.COM<br>ph: 800-635-3123<br>fx: 262-677-2961<br>Em: RALPHL@SPRINGVALLEYUSA.COM | ACCOUNTS PAYABLE | | $2,834,433.59 |
| YELLOWSTONE PLASTICS<br>3725 W 65TH SOUTH<br>IDAHO FALLS, ID 83402<br><br>HMENDE@YELLOWSTONEPLASTICS.COM | YELLOWSTONE PLASTICS<br>3725 W 65TH SOUTH<br>IDAHO FALLS, ID 83402<br>HMENDE@YELLOWSTONEPLASTICS.COM<br>ph: 208-542-1200<br>fx: 208-542-1300<br>Em: HMENDE@YELLOWSTONEPLASTICS.COM | ACCOUNTS PAYABLE | | $1,067,149.80 |
| POLY PAK AMERICA INC.<br>2939 EAST WASHINGTON BOULEVARD<br>LOS ANGELES, CA 90023-4277<br>MFREEDMAN@POLYPAK.COM | POLY PAK AMERICA INC.<br>2939 EAST WASHINGTON BOULEVARD<br>LOS ANGELES, CA 90023-4277<br>MFREEDMAN@POLYPAK.COM<br>ph: 323-264-2400<br>fx: 323-264-2407<br>Em: MFREEDMAN@POLYPAK.COM | ACCOUNTS PAYABLE | | $1,055,663.62 |
| TURF CARE SUPPLY CORP<br>50 PEARL ROAD, STE 200<br>BRUNSWICK, OH 44212<br>JBAILEY@TCSCUSA.COM | TURF CARE SUPPLY CORP<br>50 PEARL ROAD, STE 200<br>BRUNSWICK, OH 44212<br>JBAILEY@TCSCUSA.COM<br>ph: 877-220-1014<br>Em: JBAILEY@TCSCUSA.COM | ACCOUNTS PAYABLE | | $967,466.48 |
| SUWANNEE LUMBER COMPANY, INC.<br>HWY 19 & 351-A<br>CROSS CITY, FL 32628<br>BUMP@GTCOM.NET | SUWANNEE LUMBER COMPANY, INC.<br>HWY 19 & 351-A<br>CROSS CITY, FL 32628<br>BUMP@GTCOM.NET<br>ph: 352-498-3363<br>Em: BUMP@GTCOM.NET | ACCOUNTS PAYABLE | | $880,456.05 |

B 4 (Official Form 4) (4/13)

# UNITED STATES BANKRUPTCY COURT

## Central District of Illinois

In re __Country Stone Holdings, Inc.__,     Case No. _____
           **Debtor**     Chapter __11__

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5) Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| OLYMPIC FOREST PRODUCTS<br>2200 CARNEGIE AVE.<br>CLEVELAND, OH 44115<br> D.ANDREWS@OLYFOREST.COM | OLYMPIC FOREST PRODUCTS<br>2200 CARNEGIE AVE.<br>CLEVELAND, OH 44115<br> D.ANDREWS@OLYFOREST.COM<br>ph: 261-421-2775<br>Em: D.ANDREWS@OLYFOREST.COM | ACCOUNTS PAYABLE | | $709,664.50 |
| LAMBERT PEAT MOSS, INC.<br>106, LAMBERT ROAD<br>RIVIÈRE-OUELLE, QC G0L 2C0<br>CA<br>GABRIELL@LAMBERTPEATMOSS.COM | LAMBERT PEAT MOSS, INC.<br>106, LAMBERT ROAD<br>RIVIÈRE-OUELLE, QC G0L 2C0<br>CA<br>GABRIELL@LAMBERTPEATMOSS.COM<br>ph: 418-852-2885<br>Em: GABRIELL@LAMBERTPEATMOSS.COM | ACCOUNTS PAYABLE | | $651,351.70 |
| SPR PACKAGING<br>1480 JUSTIN ROAD<br>ROCKWALL, TX 75087<br> MMCKEE@SPRPACKAGING.COM | SPR PACKAGING<br>1480 JUSTIN ROAD<br>ROCKWALL, TX 75087<br> MMCKEE@SPRPACKAGING.COM<br>ph: 469-252-1070<br>fx: 469-252-1069<br>Em: MMCKEE@SPRPACKAGING.COM | ACCOUNTS PAYABLE | | $650,746.42 |
| COMMAND TRANSPORTATION, LLC<br>7500 FRONTAGE RD.<br>SKOKIE, IL 60077<br><br>PLOEB@COMMANDTRANSPORTATION.COM | COMMAND TRANSPORTATION, LLC<br>7500 FRONTAGE RD.<br>SKOKIE, IL 60077<br><br>PLOEB@COMMANDTRANSPORTATION.COM<br>ph: 847-213-2320<br>fx: 847-324-7471<br>Em: PLOEB@COMMANDTRANSPORTATION.COM | ACCOUNTS PAYABLE | | $639,560.03 |
| PRIMARY PACKAGING, INC.<br>10810 INDUSTRIAL PKWY NW<br>BOLIVAR, OH 44612<br> JHILTNER@PRIMARYPACKAGING.COM | PRIMARY PACKAGING, INC.<br>10810 INDUSTRIAL PKWY NW<br>BOLIVAR, OH 44612<br> JHILTNER@PRIMARYPACKAGING.COM<br>ph: 330-874-3131<br>fx: 330-874-3811<br>Em: JHILTNER@PRIMARYPACKAGING.COM | ACCOUNTS PAYABLE | | $599,262.25 |
| FLEX-PAC INC<br>7113 S MAYFLOWER PARK DR<br>ZIONSVILLE, IN 46077<br> SCHRISTIANSON@FLEXP.COM | FLEX-PAC INC<br>7113 S MAYFLOWER PARK DR<br>ZIONSVILLE, IN 46077<br> SCHRISTIANSON@FLEXP.COM<br>ph: 317-824-1736<br>fx: 317-872-7872<br>Em: SCHRISTIANSON@FLEXP.COM | ACCOUNTS PAYABLE | | $529,830.99 |
| AMERIMULCH DISPERSIONS,LLC<br>2055 ENTERPRISE PKWY<br>TWINSBURG, OH 44087<br> BRYANY@AMERIMULCH.COM | AMERIMULCH DISPERSIONS,LLC<br>2055 ENTERPRISE PKWY<br>TWINSBURG, OH 44087<br> BRYANY@AMERIMULCH.COM<br>ph: 888-556-3304<br>Em: BRYANY@AMERIMULCH.COM | ACCOUNTS PAYABLE | | $463,679.00 |

B 4 (Official Form 4) (4/13)

# UNITED STATES BANKRUPTCY COURT

## Central District of Illinois

In re __Country Stone Holdings, Inc.__ , Case No. _____
 **Debtor** Chapter __11_____

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5) Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| JACKLIN SEED BY SIMPLOT<br>5300 W. RIVERBEND AVENUE<br>POST FALLS, ID 83854<br> STEVE.TRUSCOTT@SIMPLOT.COM | JACKLIN SEED BY SIMPLOT<br>5300 W. RIVERBEND AVENUE<br>POST FALLS, ID 83854<br> STEVE.TRUSCOTT@SIMPLOT.COM<br>ph: 208-773-7581<br>fx: 208-773-4846<br>Em: STEVE.TRUSCOTT@SIMPLOT.COM | ACCOUNTS PAYABLE | | $378,990.00 |
| BUSINESS TO BUSINESS LOGISTICS<br>161 S LINCOLNWAY ST , SUITE 304<br>NORTH AURORA, IL 60542<br> IDOYLE@SHIPBTB.COM | BUSINESS TO BUSINESS LOGISTICS<br>161 S LINCOLNWAY ST , SUITE 304<br>NORTH AURORA, IL 60542<br> IDOYLE@SHIPBTB.COM<br>ph: 630-246-7471<br>Em: IDOYLE@SHIPBTB.COM | ACCOUNTS PAYABLE | | $364,891.50 |
| CH ROBINSON<br>14701 CHARLSON ROAD<br>EDEN PRAIRIE, MN 55347<br> PAUL.WHITE@CHROBINSON.COM | CH ROBINSON<br>14701 CHARLSON ROAD<br>EDEN PRAIRIE, MN 55347<br> PAUL.WHITE@CHROBINSON.COM<br>ph: 605-339-1353<br>fx: 605-339-1033<br>Em: PAUL.WHITE@CHROBINSON.COM | ACCOUNTS PAYABLE | | $354,764.63 |
| JB HUNT TRANSPORT, INC.<br>615 J B HUNT CORPORATION DRIVE<br>LOWELL, AR 72745<br> HEATH_HORN@JBHUNT.COM | JB HUNT TRANSPORT, INC.<br>615 J B HUNT CORPORATION DRIVE<br>LOWELL, AR 72745<br> HEATH_HORN@JBHUNT.COM<br>ph: 479-820-7399<br>fx: 479-820-2680<br>Em: HEATH_HORN@JBHUNT.COM | ACCOUNTS PAYABLE | | $295,564.79 |
| GENCO TRANSPORTATION MANAGEMENT LLC<br>4695 SOLUTIONS CENTER<br>CHICAGO, IL 60677-4006<br> BRENDAN.OCONNOR@GENCO.COM | GENCO TRANSPORTATION MANAGEMENT LLC<br>4695 SOLUTIONS CENTER<br>CHICAGO, IL 60677-4006<br> BRENDAN.OCONNOR@GENCO.COM<br>ph: 888-450-0342<br>fx: 847-775-0112<br>Em: BRENDAN.OCONNOR@GENCO.COM | ACCOUNTS PAYABLE | | $256,039.99 |
| NUTRITE DIV OF FERTI TECHNOLOGIES<br>102 S 29TH STREET<br>PHOENIX, AZ 85034<br> HPROVENCHER@FERTITECHNO.COM | NUTRITE DIV OF FERTI TECHNOLOGIES<br>102 S 29TH STREET<br>PHOENIX, AZ 85034<br> HPROVENCHER@FERTITECHNO.COM<br>ph: 602-275-0691<br>fx: 602-275-0691<br>Em: HPROVENCHER@FERTITECHNO.COM | ACCOUNTS PAYABLE | | $247,211.12 |
| BRENTWOOD DIST., LLC DBA PR RUSSELL<br>91 PINE ROAD<br>BRENTWOOD, NH 3833<br> KRISTEN@PRMULCH.COM | BRENTWOOD DIST., LLC DBA PR RUSSELL<br>91 PINE ROAD<br>BRENTWOOD, NH 3833<br> KRISTEN@PRMULCH.COM<br>ph: 603-772-4060<br>fx: 603-772-5840<br>Em: KRISTEN@PRMULCH.COM | ACCOUNTS PAYABLE | | $238,677.84 |

B 4 (Official Form 4) (4/13)

# UNITED STATES BANKRUPTCY COURT

## Central District of Illinois

In re __Country Stone Holdings, Inc.__ ,        Case No. _____
                         **Debtor**        Chapter __11__

| (1)<br>Name of creditor and complete mailing address including zip code | (2)<br>Name, telephone number and complete mailing address including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contract, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5)<br>Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| LEBANON SEABOARD CORPORATION<br>1600 EAST CUMBERLAND STREET<br>LEBANON, PA 17042<br>KMICHAEL@LEBSEA.COM | LEBANON SEABOARD CORPORATION<br>1600 EAST CUMBERLAND STREET<br>LEBANON, PA 17042<br>KMICHAEL@LEBSEA.COM<br>ph: 715-273-1685<br>fx: 800-806-8580<br>Em: KMICHAEL@LEBSEA.COM | ACCOUNTS PAYABLE | | $231,663.50 |
| DIRECT SOLUTIONS/NU-GRO LTD<br>10 LOYALIST DRIVE<br>BRIGHTON, ON K0K 1H0<br>CA MCLEVELAND@AGRIUMAT.COM | DIRECT SOLUTIONS/NU-GRO LTD<br>10 LOYALIST DRIVE<br>BRIGHTON, ON K0K 1H0<br>CA MCLEVELAND@AGRIUMAT.COM<br>ph: 970-292-9024<br>Em: MCLEVELAND@AGRIUMAT.COM | ACCOUNTS PAYABLE | | $221,101.84 |
| HOLCIM<br>3800 HAWKINS POINT RD<br>BALTIMORE, MD 21226<br>GEORGE.MCCLONE@HOLCIM.COM | HOLCIM<br>3800 HAWKINS POINT RD<br>BALTIMORE, MD 21226<br>GEORGE.MCCLONE@HOLCIM.COM<br>ph: 800-854-4656<br>Em: GEORGE.MCCLONE@HOLCIM.COM | ACCOUNTS PAYABLE | | $219,003.15 |
| TRINITY PACKAGING CORPORATION<br>84 BUSINESS PARK DRIVE SUITE 309<br>ARMONK, NY 10504<br>BROTOLO@TRINITYPACKAGING.COM | TRINITY PACKAGING CORPORATION<br>84 BUSINESS PARK DRIVE SUITE 309<br>ARMONK, NY 10504<br>BROTOLO@TRINITYPACKAGING.COM<br>ph: 914-273-4111<br>fx: 914-273-4715<br>Em: BROTOLO@TRINITYPACKAGING.COM | ACCOUNTS PAYABLE | | $205,152.73 |
| GRO-WELL BRANDS<br>420 EAST SOUTHERN AVENUE<br>TEMPE, AZ 85282<br>SFORD@GRO-WELL.COM | GRO-WELL BRANDS<br>420 EAST SOUTHERN AVENUE<br>TEMPE, AZ 85282<br>SFORD@GRO-WELL.COM<br>ph: 602-792-0275<br>fx: 602-792-0288<br>Em: SFORD@GRO-WELL.COM | ACCOUNTS PAYABLE | | $157,761.84 |
| TOTAL QUALITY LOGISTICS, INC.<br>1701 EDISON DR<br>MILFORD, OH 45150<br>RDISBENNETT@TQL.COM | TOTAL QUALITY LOGISTICS, INC.<br>1701 EDISON DR<br>MILFORD, OH 45150<br>RDISBENNETT@TQL.COM<br>ph: 513-831-2600<br>Em: RDISBENNETT@TQL.COM | ACCOUNTS PAYABLE | | $155,389.14 |
| CAM TRANSPORT INC<br>15487 OAK LN<br>GULFPORT, MS 39503<br>SQUIRE_55@YAHOO.COM | CAM TRANSPORT INC<br>15487 OAK LN<br>GULFPORT, MS 39503<br>SQUIRE_55@YAHOO.COM<br>ph: 260-587-3333<br>Em: SQUIRE_55@YAHOO.COM | ACCOUNTS PAYABLE | | $155,093.86 |
| KOOL LOGISTICS<br>611 TYNEBRAE DR<br>FRANKLIN, TN 37064<br>GQUAST@KOOLLOGISTICS.COM | KOOL LOGISTICS<br>611 TYNEBRAE DR<br>FRANKLIN, TN 37064<br>GQUAST@KOOLLOGISTICS.COM<br>ph: 216-273-4066<br>fx: 216-273-4064<br>Em: GQUAST@KOOLLOGISTICS.COM | ACCOUNTS PAYABLE | | $153,700.00 |

B 4 (Official Form 4) (4/13)

# UNITED STATES BANKRUPTCY COURT

## Central District of Illinois

In re __Country Stone Holdings, Inc.__ ,  
      **Debtor**

**Case No.** _____  
**Chapter** __11__

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5) Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| TENNANT TRUCK LINES<br>20812 E 550 STREET<br>COLONA, IL 61241 | TENNANT TRUCK LINES<br>20812 E 550 STREET<br>COLONA, IL 61241<br><br>ph: 309-946-3200 | ACCOUNTS PAYABLE | | $152,134.70 |
| CORNERSTONE TRANSPORTATION L.C.<br>1803 SWAGOSA DR.<br>MAQUOKETA, IA 52060<br> DKNICKREHM1@MSN.COM | CORNERSTONE TRANSPORTATION L.C.<br>1803 SWAGOSA DR.<br>MAQUOKETA, IA 52060<br> DKNICKREHM1@MSN.COM<br>ph: 563-652-3102<br>fx: 563-652-3268<br>Em: DKNICKREHM1@MSN.COM | ACCOUNTS PAYABLE | | $151,285.97 |
| TRANS MOTION<br>600 EAST 60TH ST<br>SIOUX FALLS, SD 57104<br> DISPATCHDARIN75@GMAIL.COM | TRANS MOTION<br>600 EAST 60TH ST<br>SIOUX FALLS, SD 57104<br> DISPATCHDARIN75@GMAIL.COM<br>ph: 605-274-1081<br>Em: DISPATCHDARIN75@GMAIL.COM | ACCOUNTS PAYABLE | | $146,864.36 |

In re   **Country Stone Holdings, Inc.**                                    Case No._____
        **Debtor**                                                                **(If known)**

# DECLARATION REGARDING LIST OF CREDITORS

**DECLARATION UNDER PENALTY OF PERJURY REGARDING the TOP 30 UNSECURED CLAIMS ON BEHALF OF A CORPORATION OR PARTNERSHIP**

I, Steven A. Nerger, the Chief Restructuring Officer of the Country Stone Holdings, Inc. named as debtor in this case, declare under penalty of perjury that I have read the foregoing list of creditors holding 30 largest unsecured claims, and that they are true and correct to the best of my knowledge, information, and belief.

Date:  10/23/2014                                          Signature:  /s/Steven A. Nerger
                                                                                                                     Title: Chief Restructuring Officer

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C.§§ 152 and 3571

# UNITED STATES BANKRUPTCY COURT

## Central District of Illinois

In re:   **Country Stone Holdings, Inc.**   ,　　　　　　　　　　　　　　　Case No. _____
　　　　　　　　　　Debtor　　　　　　　　　　　　　　　　　　　　　　　　Chapter   **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with Fed. R. Bank. P. 1007(a)(3) for filing in this chapter 11 case.

| Name and last know address or place of business of holder | Security Class | Number of Shares or Securities | Kind of Interest |
|---|---|---|---|
| Angela J. Bjustrom<br>6814 106th Avenue<br>Milan, IL 61264 | EQUITY | 91,854.0000 | Common |
| Aubrey (Trey) George III<br>16600 Rt 67<br>Milan, IL 61264 | EQUITY | 35,610.0000 | Common |
| Casey Bjustrom<br>110 E 19Th Street Unit 210<br>Rock Island, IL 61201 | EQUITY | 242.0000 | Common |
| Daniel J. Marion<br>9115 134th Ave West<br>Taylor Ridge, IL 61284 | EQUITY | 166,000.0000 | Common |
| Darin Kain<br>712 E. 13Th Avenue Ct.<br>Coal Valley, IL 61240 | EQUITY | 363.0000 | Common |
| Duncan J. Cameron<br>The Laurentians<br>1285 Gulfshore Blvd North<br>Naples, FL 34102-4963 | EQUITY | 10,012.0000 | Common |
| Dustin Bjustrom<br>23500 140th Street<br>Eldridge, IA 52748 | EQUITY | 120.0000 | Common |
| Jane Kenney<br>1731 Jenna Drive<br>Davenport, IA 52804 | EQUITY | 363.0000 | Common |
| Jason F. Tatge<br>11011 17th Street<br>Milan, IL 61264 | EQUITY | 10,000.0000 | Common |
| Kirk Peterson<br>903 S Superior Street<br>Angola, IN 46703 | EQUITY | 363.0000 | Common |
| Kurt Jensen<br>E2720 Buffalo Ridge Ct<br>Waupaca, WI 54981 | EQUITY | 363.0000 | Common |
| Kurt Samuelson<br>2409 40th Street<br>Rock Island, IL 61201 | EQUITY | 242.0000 | Common |

# UNITED STATES BANKRUPTCY COURT

## Central District of Illinois

In re: __Country Stone Holdings, Inc.__ ,   Case No. _____
**Debtor**                                  Chapter __11__

| Name and last know address or place of business of holder | Security Class | Number of Shares or Securities | Kind of Interest |
|---|---|---|---|
| Larry Bjustrom<br>23500 140Th Avenue<br>Eldridge, IA 52748-9711 | EQUITY | 14,936.0000 | Common |
| Lee Ledford<br>4614 Hawthorne Lane<br>Stillwater, MN 55082 | EQUITY | 120.0000 | Common |
| Marilynne P. Cink Revocable Living Trust<br>2014 Irvington Road<br>Algona, IA 50511 | EQUITY | 2,070.0000 | Common |
| Mary Carol Becker Living Trust Dated 1/6/2012<br>PO Box 68<br>Wesley, IA 50483 | EQUITY | 1,035.0000 | Common |
| Michael J. Cink Revocable Living Trust<br>2014 Irvington Road<br>Algona, IA 50511 | EQUITY | 2,070.0000 | Common |
| Ray C. Allen<br>2514 Woodland Drive<br>LeClaire, IA 52753 | EQUITY | 2,384.0000 | Common |
| Rick Burkamper<br>1522 25th Street<br>Bettendorf, IA 52722 | EQUITY | 726.0000 | Common |
| Robert M. Becker Living Trust Dated 1/6/12<br>PO Box 68<br>Wesley, IA 50483 | EQUITY | 1,035.0000 | Common |
| Ronald D. Bjustrom<br>6814 106th Avenue<br>Milan, IL 61264 | EQUITY | 1,289,776.0000 | Common |
| Ronald D. Bjustrom<br>6814 106th Avenue<br>Milan, IL 61264 | EQUITY | 773,931.0000 | Common |
| Scott D. Rubins<br>4853 White Post Road<br>Bettendorf, IA 52722 | EQUITY | 5,006.0000 | Common |
| Terry W. Kissner<br>501 116th Avenue Ct<br>Milan, IL 61264 | EQUITY | 13,000.0000 | Common |
| Tim Bower<br>2809 10th Street<br>East Moline, IL 61244 | EQUITY | 120.0000 | Common |

# UNITED STATES BANKRUPTCY COURT

## Central District of Illinois

In re:   **Country Stone Holdings, Inc.**   ,        Case No. _____

  **Debtor**                               Chapter   **11**   _____

| Name and last know address or place of business of holder | Security Class | Number of Shares or Securities | Kind of Interest |
|---|---|---|---|

In re __Country Stone Holdings, Inc._____    Case No._____
                       **Debtor**                                                **(If known)**

# DECLARATION CONCERNING DEBTOR'S EQUITY

### Equity Holder List

I, Steven A. Nerger the undersigned authorized officer of Country Stone Holdings, Inc., named in this case as (the "Debtor"), declare under penalty that I have read the foregoing and it is true and correct to the best of my knowledge, information, and belief.

Date: __10/23/2014_____    Signature: __/s/Steven A. Nerger_____
                                                                                             Title: Chief Restructuring Officer

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| COUNTRY STONE HOLDINGS, INC., *et al.*,[1] | ) ) ) | Case No. _____ (Request for Joint Administration Pending) |
| Debtors. | ) ) ) | Hon. Thomas L. Perkins |

**DISCLOSURE OF COMPENSATION OF KATTEN MUCHIN ROSENMAN LLP IN ACCORDANCE WITH SECTION 329 OF THE BANKRUPTCY CODE AND <u>RULE 2016(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>**

JOHN P. SIEGER hereby states that:

1. I am a partner of the law firm of Katten Muchin Rosenman LLP ("<u>Katten</u>"), attorneys for the above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>").

2. I make this disclosure in accordance with section 329 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), and Rule 2016(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

3. The Debtors filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code on October 23, 2014 (the "<u>Petition Date</u>").

4. As set forth in the table below, on September 16, 2014, Katten received a

---

[1] The Debtors and the last four digits of the Debtors' United States Tax Identification Number following in parentheses: Country Stone Holdings, Inc. (7470), Country Stone & Soil, Inc. (0842), Country Stone and Soil of Minnesota (8538), Country Stone and Soil of Wisconsin (4446), Country Stone, Inc. (8953), Fort Wayne Landscape Supply, Inc. (9116), Green Thumb of Indiana, LLC (8377), Infinity Fertilizers, Inc. (8035), Infinity Lawn and Garden, Inc. (5005), Infinity Seed, Inc. (6096), Millburn Peat Company (7370), Quad City Express, Inc. (2687), R & D Concrete of Indiana, Inc. (5210), R & D Concrete of Wisconsin, Inc. (2237), R & D Concrete Products, Inc. (7199), Rock Island Contractors, Inc. (0041) and Wilhelm Sand & Gravel, Inc. (5212).

$100,000 initial retainer from the Debtors for payment for legal services to be rendered and expenses to be incurred on behalf of the Debtors (the "Initial Retainer"). Following its receipt of the Initial Retainer, Katten assisted the Debtors with the preparation and filing of petitions and first-day papers under chapter 11 of the Bankruptcy Code, and negotiated agreements relating to the sale of substantially all of the Debtors' assets. On October 3, 2014, Katten received from the Debtors a payment of $87,208, as a supplement to the Initial Retainer. On October 17, 2014, Katten received a final payment of $175,694, which included nearly $30,000 to cover Rule 1006 filing fees for these 17 cases. All fees and expenses were duly paid as of the Petition Date and the remaining amount is designated herein as the "Retainer").[2]

| Date of Payment | Date of Invoice | Amount of Invoice | Amount of Payment |
|---|---|---|---|
| 9/16/14 | | | $100,000 |
| | 9/30/14 | $87,208 | |
| 10/3/14 | | | $87,208 |
| | 10/15/14 | $71,475 | |
| 10/17/14 | | | $175,694 |
| | 10/21/14 | $77,843 | |
| | 10/23/14 | $19,155 | |
| | | | Retainer = $78,000 (approximately) |

    5.    Katten has not agreed to share compensation with any other person, except as

---

[2] Pre-Petition Date expenses and attorney time accrued but not recorded on Katten's computerized time/expense system until after the Petition Date will be offset against the Retainer. Katten estimates such time and expenses could aggregate several thousand dollars, which would reduce the Retainer by such amount.

2

permitted by the exception set forth in section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016.

Dated October 23, 2014                                    Respectfully submitted,

        /s/ John P. Sieger
John P. Sieger
Katten Muchin Rosenman LLP
525 W. Monroe Street
Chicago, IL 60661
Telephone: 312-902-5200
Facsimile: 312-902-1061

3